**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

CYNTHIA LYNN CRABTREE,     :
AIS 249596,

                              :

     Petitioner,

                              :

vs.                               CA 09-0363-WS-C

                              :

CYNTHIA S. WHEELER-WHITE,

                              :

     Respondent.

## <u>REPORT AND RECOMMENDATION</u>

This habeas corpus action, filed pursuant to 28 U.S.C. § 2254, was transferred from the Middle District of Alabama and has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action without prejudice based upon petitioner's failure to prosecute and comply with the Court's orders.

Petitioner was ordered to complete and file this Court's form for a petition under 28 U.S.C. § 2254, as well as a motion to proceed without prepayment of fees, on or before September 11, 2009. (Doc. 5) The Court warned petitioner that her failure to comply with the order within the

prescribed time would result in the dismissal of her action "for failure to prosecute and to obey the Court's order." (*Id*.) Petitioner requested additional time to respond to the court's order (Doc. 6) and an extension of time, up to and including October 2, 2009, was granted for petitioner to complete and file this Court's form for a petition under 28 U.S.C. § 2254 and a motion to proceed without prepayment of fees and costs (Doc. 7). To date, petitioner has filed neither pleading as ordered.

An action may be dismissed if the petitioner fails to prosecute it or if she fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. International Family Entertainment, Inc*., 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

In this case, petitioner has not responded to the Court's order of August 7, 2009, even though she was granted an extension of time up to and including October 2, 2009 to comply with same. Accordingly, it is recommended that the Court **DISMISS** Crabtree's § 2254 petition for writ of habeas corpus, pursuant

to Fed.R.Civ.P. 41(b), due to her failure to prosecute this action by obeying this Court's lawful orders.[1]

The instructions which follow the undersigned's signature contain information regarding objections to the report and recommendation of the

---

[1]     Crabtree is reminded that she need exhaust her claims in the state courts of Alabama prior to filing a habeas corpus petition in this Court, *see, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state [petitioners] must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."), since the claim she apparently wishes to present to this Court (*see* Doc. 4, at 7 ("I am requesting credit for the amount of time I was out on bond. I was out on bond from May 2003 until my sentencing April 2005. I was granted an appeal bond from April 2005 to Nov. 7, 2006. I was on bond for a total of 3 years and 5 months.")), is a claim best addressed, in the first instance, by the state courts of Alabama, *compare Perkins v. State*, 10 So.3d 617, 618 & 619 (Ala.Crim.App. 2007) ("A petition for writ of habeas corpus is the proper method by which to test whether the State has correctly calculated the time an inmate must serve in prison. . . . Section 15-22-54(d)(3), Ala.Code 1975, provides, in relevant part: 'If revocation results in a sentence of confinement, credit shall be given for all time spent in custody prior to revocation. Full credit shall be awarded for full-time confinement in facilities such as county jail, state prison, and boot camp.'") *and Wilson v. State*, 981 So.2d 441, 442 (Ala.Crim.App. 2007) ("'A petition for a writ of habeas corpus is the proper method by which to test whether the State has correctly calculated the time an inmate must serve in prison. . . . Section 15-18-5, Ala.Code 1975, requires that a convicted person be "credited with all of his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to be prescribed by the Board of Corrections."'") *with* Ala. Code § 15-18-5 ("Upon conviction and imprisonment for any felony or misdemeanor, the sentencing court shall order that the convicted person be credited with all of his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to be prescribed by the Board of Corrections.").

Magistrate Judge.

**DONE** this the 14th day of October, 2009.

  s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.      ***Objection***.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.